The Law Offices of Sean Kevin Smith LLC (SKS 8535)
Freehold Center
4400 Route 9 South
Suite 1000
Freehold, New Jersey 07728
(732) 409-5171
Attorney for Isaac Gaon and Mark Hirschhorn

**RECEIVED**

MAY 3 1 2005

WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------X

THE VENGROWTH INVESTMENT FUND, INC..

        Plaintiff,

   - against -                                                     04- Civ. 5792 (JAP)

DATATEC SYSTEMS, INC., ISAAC GAON,
MARK HIRSCHHORN AND RAYMOND KOCH.,

        Defendants.

-------------------------------------------------------------------X

### ORDER ADMITTING JOHN D. RAPOPORT, ESQ. *PRO HAC VICE*

    **THIS MATTER** having been opened to the Court on notice of motion by defendants

Isaac Gaon and Mark Hirschhorn and the Court having considered all papers submitted in

support thereof, and for good cause shown, *and with no opposition*

    IT IS on this ᴈ⁄ day of _____, 2005,

ORDERED:

    1.    That John D. Rapoport, Esq., an attorney licensed to practice law before the courts

of the State of New York, the United States District Court, Southern District of New York, the United States District Court, Eastern District of New York, is hereby granted *pro hac vice* admission in this case for the limited purpose of representing the interests of defendants Isaac Gaon and Mark Hirschhorn in all phases of the preparation for trial, discovery, and depositions in this case.

3.      John D. Rapoport, Esq., shall consent to the appointment of the Clerk of the United States District Court, District of New Jersey, as an agent upon whom service of process may be made for all actions against the firm that may arise out of participation in this matter;

4.      John D. Rapoport, Esq. shall notify the Court immediately of any matter affecting their standing at the bar of any other Court;

5.      John D. Rapoport, Esq. shall have all pleadings, briefs and other papers filed with the Court signed by an attorney of record authorized to practice in the State, who shall be held responsible for the conduct of the cause and the admitted attorney herein;

6.      No delay in discovery, motions, trial, or any other proceeding shall occur or be requested by reason of inability of John D. Rapoport, Esq. to be in attendance;

7.      John D. Rapoport, Esq. must, within 10 days, pay the fees required by R. 1:20-1(b) and R. 1:28-2, pursuant to Local Civil Rule 101.1(c)(2) and submit affidavits of compliance;

8.      Automatic termination of pro hac vice admission will occur for failure to make the required annual payment to the Ethics Financial Committee and the New Jersey Lawyer's Fund for Client Protection. Proof of such payment by the admitted attorney, after filing proof of the initial payment, shall be made no later than February of each year.

9.      Noncompliance with any of these requirements shall constitute grounds for removal; and

10.    A copy of this order shall be served on all parties within seven (7) days.

Dated: _____, 2005

_____
                              U.S.D.J.